UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : : : | **Criminal No.** |
| v. : : : : | Violations: 18 U.S.C. § 666 (Theft Concerning Programs Receiving Federal Funds); |
| **KARIN COPPENS** : : | 18 U.S.C. § 982 (Criminal Forfeiture) |
| **Defendant.** : : | |

### INFORMATION

The United States Attorney informs the Court that:

### INTRODUCTION

At all times material to this Information:

1. The Metropolitan Police Department for the District of Columbia ("MPD") is the primary law enforcement agency in the District of Columbia. MPD is one of the ten largest local police agencies in the United States. In each year since 2004, the Metropolitan Police Department has received more than $10,000 in benefits under various Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, or other forms of Federal assistance.

2. Numerous MPD officers participate each month in the Photo Radar Overtime Program. That program permits any MPD officer who receives 40 hours of training to participate. Once trained, an officer certified for the Photo Radar Program can begin to work Photo Radar Overtime by operating photo radar equipment that is installed in unmarked and marked police cruisers parked on the streets of the District of Columbia to enforce traffic violations.

3.   COPPENS has been employed by MPD since 1985. COPPENS has never completed or participated in any training with the Photo Radar Overtime Program. According to the Photo Radar Program Office, COPPENS' name does not appear on the roster of officers who are authorized to participate in the Photo Radar Overtime Program. In the years 2004, 2005, 2006, 2007, and 2008, COPPENS was assigned to the MPD Training Academy with her specific assignment being to the training facility located at 9000 Commo Road, Cheltenham, Maryland 20623.

4.   From August 2004 through June 2008, COPPENS submitted at least ninety-four (94) fraudulent time sheets claiming entitlement to more than 3400 hours of overtime pay for work allegedly performed as part of the Photo Radar Overtime Program. During that period, COPPENS never performed any work in connection with the Photo Radar Overtime Program. COPPENS forged the signature of a supervisor on at least ninety-four (94) time sheets, making the fraud almost undetectable.

5.   As a consequence, during the period August 2004 through June 2008, MPD paid COPPENS overtime pay for work allegedly performed as part of the Photo Radar Overtime Program to which COPPENS was not entitled and COPPENS accepted that pay.

COUNT ONE
Theft Concerning Programs Receiving Federal Funds

6.   Paragraphs 1 through 5 are realleged as though set forth herein.

7.   From August 2004 until June 2008, defendant KARIN COPPENS obtained by fraud $178,611.87 from the Metropolitan Police Department for the District of Columbia, an agency receiving more than $10,000 under Federal programs involving grants, contracts, subsidies, loans,

guarantees, insurance, or other forms of Federal assistance in each of the years from 2004 through 2008.

**(Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666)**.

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

8. Paragraphs 1 through 7 are realleged as though set forth fully herein and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

9. As a result of the offense alleged in Count One of this Information, defendant KARIN COPPENS shall forfeit to the United States any and all property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly, as the result of theft concerning programs receiving Federal funds, including, but not limited to:

**Money Judgment**

$178,611.87 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of theft concerning programs receiving Federal funds, in violation of 18 U.S.C. § 666.

By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest that KARIN COPPENS has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of theft concerning programs receiving Federal funds is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(C)and Title 28 United States Code, Section 2461(c))**.

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia


By:    _____/s/_____
JOHN W. BORCHERT (D.C. Bar No. 472824)
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 5840
Washington, D.C.  20530
(202) 353-2442
john.borchert@usdoj.gov