AO 245B    (Rev. 06/05) (Rev DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>KAREN COPPENS | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number:  08-263<br>USM Number:  29499-016<br><br>Harold Martin, II, Esquire<br>Defendant's Attorney |

**FILED**
JUN - 1 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    one of the information on 9/12/08.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 666 | Theft Concerning Programs Receiving Federal Funds | June 2008 | One |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  two    is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 6, 2009
Date of Imposition of Judgment

/s/ Rosemary M. Collyer
Signature of Judge

Rosemary M. Collyer         U.S. District Court Judge
Name of Judge               Title of Judge

5/29/09
Date



DEFENDANT: KAREN COPPENS
CASE NUMBER: 08-263

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 months and 1 day as to count one of the information.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant recommends that the defendant be housed at a facility that can accommodate her mental health needs. The Court also recommends that the defendant be housed, at a minimum security facility, away from prisoners who may originate from the District of Columbia.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 10

DEFENDANT: KAREN COPPENS
CASE NUMBER: 08-263

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

three years as to count one.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
         Sheet 3A — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: KAREN COPPENS
CASE NUMBER: 08-263

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a mental health treatment program, which may include outpatient counseling or residential placement, as approved and directed by the Probation Office.

The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The defendant shall provide the Probation Office with her personal income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest, until all restitution is satisfied.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgment in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to her.

DEFENDANT: KAREN COPPENS
CASE NUMBER: 08-263

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 178,611.87 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| - District of Columbia Department of Treasury | $178,611.87 | $178,611.87 | |
| Office of General Counsel | | | |
| 300 Indiana Avenue, NW | | | |
| Room 4125 | | | |
| Washington, DC 20001 | | | |
| Attn: Terrance Ryan | | | |
| **TOTALS** | $ 178,611.87 | $ 178,611.87 | |

☒ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KAREN COPPENS
CASE NUMBER: 08-263

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The special assessment fee is due immediately and shall be paid to the Clerk of the Court for the U.S. District Court, District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the US District Court, District of Columbia, of the change until such time as the financial obligation is paid in full.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

The defendant shall pay the balance of any restitution owed at a rate of no less than $500.00 each month and provide verification of the same to the Probation Office. While Incarcerated, the defendant shall make payments through the U.S. Bureau of Prisons' Inmate Responsibility Program. The Probation Officer shall have the discretion to alter that amount according to the financial capability of the defendant, upon request from the defendant with prior notice to the government.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. CR-08-263 (RMC) |
| KARIN COPPENS, : | **FILED** |
| Defendant. : | SEP 1 2 2008 |
| : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## CONSENT ORDER OF FORFEITURE

WHEREAS a written plea agreement was filed with this Court and signed by defendant KARIN COPPENS (hereinafter "COPPENS") and her counsel, Harold Martin, Esq., in which COPPENS agreed to plead guilty to a felony violation, that is, theft concerning programs receiving Federal funds, in violation of Title 18, United States Code, Section 666;

WHEREAS the Information also alleged the forfeiture of certain property, that is property subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of theft concerning programs receiving Federal funds;

WHEREAS in the plea agreement, COPPENS expressly agreed and consented to the entry of an Order of Forfeiture, under Federal Rule of Criminal Procedure 32.2(b)(2); and

WHEREAS the Court has determined, based on the evidence set forth during COPPENS' guilty plea, that entry of a money judgment of $178,611.87, is appropriate insofar as this amount is subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c)'s incorporation of Title18, United States Code, Section 981(a)(1)(C), and that the Government has established the requisite connection between that amount and the violation of Title 18, United States Code, Section

666;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C):

MONEY JUDGMENT:

$178,611.87, which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as theft concerning programs receiving Federal funds, in violation of Title 18 United States Code, Section 666.

2. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorneys John W. Borchert, Fraud & Public Corruption Section, 555 Fourth Street, N.W., Washington, D.C. 20530.

Dated this 12th day of September, 2008.

_____
ROSEMARY M. COLLYER
United States District Judge

WE ASK FOR THIS:

JEFFREY A. TAYLOR (D.C. Bar. No. 498610)
UNITED STATES ATTORNEY

By: *(signature)*
JOHN W. BORCHERT (D.C. Bar # 472824)
Assistant United States Attorney
Fraud and Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-2442
JBorchert@usdoj.gov

*(signature)*　　　　　　　　　　　　　　*(signature)*
KARIN COPPENS　　　　　　　　　　　HAROLD MARTIN, ESQ.
Defendant　　　　　　　　　　　　　　Counsel for Ms. Coppens